# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ANTHONY D. CHERRY,

    Petitioner,

vs.                                                Case No. 4:07cv445-RH/WCS

JAMES R. McDONOUGH,

    Respondent.

                              /

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and another petition subtitled separate memorandum. Docs. 1 and 3. Petitioner submitted a financial certificate with his inmate account statement, docketed by the clerk as a motion to proceed in forma pauperis. Doc. 2. The motion is granted by separate order.

Most recently, Petitioner filed a notice of inquiry, which indicates his address at the Reception and Medical Center. Doc. 6. According to the website maintained by the Florida Department of Corrections, Petitioner is now incarcerated at Washington Correctional Institution, and the clerk has updated the docket to reflect this address.

Petitioner was convicted in Hillsborough County Florida.  He filed a § 2254 petition in the Middle District of Florida (in which Hillborough County is located[1]) which was dismissed as time barred under 28 U.S.C. § 2244(d).  Doc. 3, Ex. C.

Petitioner is now claiming that he has been imprisoned beyond the term of his five year sentence, as he should have been released on the five year anniversary of his plea.  Doc. 1, p. 6.  He asserts that the current petition is timely because the issue "did not manifest itself" until January 16, 2007, five years from his plea and sentencing.  *Id.*, p. 14.

**Prior Proceedings**

A review of the Middle District's order is necessary to an understanding of Petitioner's argument.  As set forth there, Petitioner entered a negotiated nolo contendere plea in state court to possession of cocaine on January 16, 2002, and was sentenced to 30 months in a drug offender probation program.  Ex. C, p. 2.  On March 25, 2002, he was placed on community supervision, and on April 30, 2002, a capias was issued for failure to appear.  *Id.*, p. 3.  The capias was executed on August 12, 2002, and Petitioner was taken to jail to await disposition of the violation of probation charge.  *Id.*  Following a violation of probation hearing on September 12, 2002,

---

[1] A § 2254 petition filed in a state with two or more federal districts may be filed in the district of confinement or the district of conviction, and either court has discretion to transfer to the other in the furtherance of justice.  § 2241(d).  This court generally transfers petitions to the district of conviction as the most convenient and appropriate venue under § 2241(d).  *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and n. 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9  (11th Cir. 2001) (noting practice in district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).  The prior petition raises the question of whether this is a second or successive petition, addressed *infra*.

Case No. 4:07cv445-RH/WCS

Petitioner was placed on 12 months of community supervision to be followed by 18 months of probation.  *Id.*

A warrant for violation of community control was filed on February 12, 2003, but it was not executed until September 9, 2005.  *Id.*, pp. 4-5.  Following a revocation hearing on October 5, 2005, Petitioner's community control was revoked and he was sentenced to three years in prison.  *Id.*, p. 4.

Petitioner argued in his Middle District case that the time limit of § 2244(d) did not apply as he was not "in custody" for § 2254 purposes after the conclusion of his direct appeal, while he was on probation.  *Id.*, pp. 1-2.  He claimed he was not in physical or constructive custody of the state between February 21, 2003 (when the warrant was entered), and September 2, 2005, because he was completely at liberty.  *Id.*, p. 6.

The court rejected this claim, finding that Petitioner clearly was "in custody" during that period for § 2254 purposes.  *Id.*, pp. 6-7.  It was then determined that the petition was untimely, and Petitioner had not demonstrated entitlement to equitable tolling.  *Id.*, pp. 7-11.  "What the record actually reflects is that after being sentenced to a term of probation, Petitioner simply ignored the sentence and did as he chose.  His success in avoiding arrest on the 2003 violation of probation charge for 2½ years does not support his contention that he is entitled to equitable tolling."  *Id.*, pp. 11-12.

The order was signed by District Judge Whittemore on January 30, 2007.  *Id.*, p. 14.  A certificate of appealability was denied by Judge Whittemore, and by order of the Eleventh Circuit, signed by Judge Anderson.  Exs. F and G.

Petitioner filed a petition for writ of habeas corpus in the state circuit court, citing the language of Judge Whittemore to the effect that he was in custody for the relevant

period. Ex. D, pp. 3-6. Petitioner claimed that "Judge Whittemore, by establishing an unbroken chain of custody[,] effectively invalidated and made unlawful, any part of the plaintiff's sentence that extends beyond January 15, 2007, the five year anniversary of when the sentence[] actually commenced," as five years was the maximum sentence. *Id.*, p. 5. He argued that the ruling of the Middle District and affirmed by the Eleventh Circuit was "both [prejudicial] and discriminatory in addition to being 'just plain wrong,' " but if he had "to live with the order, the state, likewise, should defer to the superior authority of the federal court." *Id.*, p. 6.

Judge Mayes, of the Thirteenth Judicial Circuit, Hillsborough County, entered an order denying the petition. Ex. E. The court found that Petitioner was still under community control when the affidavit and warrant for violation were filed, and under Florida law this tolled the period of community control until the ruling of revocation. *Id.*, p. 2, *citing* FLA. STAT. § 948.06(d) [sic, should be § 948.06(1)(d)] (2001) (other citation omitted). The court said that upon revocation of community control, the court (as a matter of Florida law) could impose any sentence it could have originally imposed, so the court was free to impose any sentence up to the five years it could have imposed. *Id.*, pp. 2-3, citing § 948.06(2)(b) (other citations omitted). The 36 month sentence was therefore legal. *Id.*, p. 3.

**Claims Raised**

Petitioner's argument to this court, in light of these prior proceedings, is that:

EITHER THE Petitioner was in State custody during the period that extends from February 21, 2003 to September 3, 2005 or he wasn't. [T]his case is in need of a clearly articulated ruling that is uniformly applied. The [C]onstitution of the United States demands it. . . .

> The State **can't** have it both ways.  They should be made to concede the fact that I was in custody during the relevant period or, concede the fact that I was not.
>
> If I **was not** in custody I deserve to be release[d] from the judgment denying my original petition.  If I was in custody during the relevant disputed period, I deserve to be released from prison.

Doc. 3, pp. 2-3.

Petitioner also asserts as "germane to the discussion" that he "was denied the opportunity to appeal the holding by Judge Whittemore of continuous custody" as the judge denied a certificate of appealability, and this was upheld by Judge Anderson.  *Id.*, p. 3.  Based on the standard for issuing a certificate of appealability from the denial of § 2254 relief, Petitioner claims:

> Judge Maye's denial of my State Habeas Corpus would seem to make liars out of both Judge Whittemore and Judge Anderson.  Furthermore, should this Court side with the state in this matter it would be further evidence that the decision to deprive me of the opportunity to appeal [J]udge Whittemore's time barred holding was done so capriciously, arbitrarily, and **not** in accordance with the Law.

*Id.*, p. 4.

**Legal Analysis**

### Second or Successive Petition

When Petitioner filed his § 2254 petition in the Middle District, he was being held pursuant to the same judgment pursuant to which he still remains in custody, *i.e.,* the judgment imposing three years imprisonment upon revocation of community control.  Ex. C, p. 4 (also noting that, at that time, appeal from the revocation order was still pending).

Though now Petitioner is challenging the imposition of a sentence which allegedly exceeded the state law maximum term (by failing to award credit for the time spent on community control), it is the same judgment.  This is a second or successive petition, and authorization for filing is required by the court of appeals for this court to have jurisdiction to consider the petition.  § 2244(b)(3); Burton v. Stewart, 549 U.S. __, 127 S.Ct. 793, 796, 166 L.Ed.2d 628 (2007).[2]  Dismissal of the initial § 2254 petition as untimely "counts" and renders this petition second or successive.  *See*, Villenueva v. United States, 346 F.3d 55, 59-61 (2d Cir. 2003), *cert. denied,* 542 U.S. 928 (2004) (collecting cases,  concluding: "unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected.  Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); Murray v. Greiner, 394 F.3d 78, 80-81 (2d Cir. 2005) (applying Villanueva rationale in § 2254 context, untimeliness is a "permanent and incurable" bar to review of the merits); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) ("a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring

---

[2] In a case remanded by the Supreme Court for further consideration in light of Burton, the Eleventh Circuit found that time for filing a § 2254 petition expired one year after the judgment on resentencing became final, even though petitioner raised claims going to the original conviction and not the resentencing.  Ferreira v. Secretary, Dept. of Corrections,  494 F.3d 1286, 1287-88 (11th Cir. 2007). "When Ferreira filed his petition in the district court on June 10, 2003, he was 'in custody pursuant to' the 2003 judgment, which was based on the December 10, 1997 conviction and the April 14, 2003 sentence."  494 F.3d at 1291-93, citing § § 2254(a) and 2244(d).  "What this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner." *Id.*, at 1293.

consideration of the petitioner's substantive claims."). *Compare* Gonzalez v. Crosby, 545 U.S. 524, 533-536, 125 S.Ct. 2641, 2648-50, 162 L.Ed.2d 480 (2005) (holding that a Fed.R.Civ.P. 60(b) motion, seeking relief from prior judgment denying a § 2254 petition as untimely, was not the equivalent of a second or successive § 2254 petition as it did not raise any claims for relief from the conviction).[3]

**Merits of Claim**

Even if this is not a second or successive petition, Petitioner has not stated any kind of federal law claim for relief. This court has no authority to review decisions of another district court, or of the Eleventh Circuit, which reviews judgments of this and other district courts.

Further, the "in custody" determination for purposes of § 2241 and § 2254 has nothing to do with sentence credit; it goes to a federal court's jurisdiction over a habeas corpus petition. 28 U.S.C. § § 2241, 2254; Medberry v. Crosby, 351 F.3d 1049, 1059-61 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004) (explaining that a habeas corpus petition by a person in custody pursuant to a state court judgment is authorized by § 2241 but subject to the limitations of § 2254). Whether a petitioner is in custody for purposes of habeas corpus jurisdiction is determined at the time the petition is filed.

---

[3] The petitioner there also contended that, similar to a petition filed after a previous petition was dismissed without prejudice as unexhausted, his petition was not successive at all. 545 U.S. at 533, n. 6, 125 S.Ct. at 2648, n. 6. "If this argument is correct," the Court noted, the petitioner could file "a full-blown habeas petition, without running afoul of § 2244(b). *But see, e.g., Murray v. Greiner*. We need not consider this contention, however, because we conclude that petitioner's Rule 60(b) motion is not subject to the limitations applicable to habeas petitions." *Id.*, (full citation to Murray omitted). To the extent Petitioner could be claiming error of the Middle District in dismissing his petition as untimely, a Rule 60(b) motion would have to be filed in the Middle District case, not in a different district.

Case No. 4:07cv445-RH/WCS

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983 (1998) (petitioner "was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires.") (citations omitted).  "While limiting its availability to those 'in custody,' the statute [§ 2241] does not attempt to mark the boundaries of 'custody' nor in any way other than by use of that word attempt to limit the situations in which the writ can be used."  Jones v. Cunningham, 371 U.S. 236, 238, 83 S.Ct. 373, 374-375 (1963) (holding that paroled prisoner was "in custody" for purposes of habeas corpus jurisdiction).  Habeas corpus must "be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected."  Hensley v. Municipal Court, 411 U.S. 345, 350, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973), *quoting* Harris v. Nelson, 394 U.S. 286, 291, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969).  In Hensley, the Court held that a person who had been released on his own recognizance following his state court conviction was "in custody" for habeas corpus purposes.  411 U.S. at 351-353, 93 S.Ct. at 1575-76.

Following revocation, "[n]o part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he or she shall be sentenced to serve."  FLA. STAT. § 948.06(3).  This has been interpreted as establishing a general rule that credit cannot be given for time spent on probation or community control toward a period of incarceration imposed on revocation.  *See* State v. Cregan, 908 So.2d 387, 389-391 (Fla. 2005) (collecting cases, holding that defendant who violated community control was not entitled to credit for time spent in a drug rehabilitation facility as a condition of community control); Gay v. Singletary, 700 So.2d 1220, 1222 (Fla. 1997) (time spent on control release supervision was not "functional

equivalent" of time spent in prison); Chancey v. State, 614 So.2d 18, 19 (Fla. 4th DCA 1993) (community control was "a more coercive deprivation of liberty than probation," but was not "a functional equivalent of jail.").  See also Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001) (since state law allowed parole board to disregard time spent on parole upon revocation, there was no liberty interest created by state law or the due process clause itself); Morrison v. Johnson, 106 F.3d 127, 129 and nn. 1 and 2 (5th Cir. 1999) (rejecting argument that petitioner was unlawfully denied credit for time spent on parole, noting that no court has found a constitutional violation with the practice of completing parole revocation proceedings after the expiration of the maximum term as long as the revocation warrant was issued prior to expiration).

Thus, even if the court had jurisdiction, the claim is not supported by federal or state law, and Petitioner is not entitled to § 2254 relief.

**Recommendation**

Accordingly, it is **RECOMMENDED** that this § 2254 petition filed by Anthony D. Cherry be **SUMMARILY DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on January 16, 2008.

                s/    William C. Sherrill, Jr.
                **WILLIAM C. SHERRILL, JR.**
                **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and**

**recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**